ANTONIO FAULISE v. C. B. COTTRELL & SONS COMPANY

SUPERIOR COURT          NEW LONDON COUNTY          FILE No. 16414

Memorandum filed June 11, 1946.

*Joseph J. Fauliso*, of Hartford, for the Plaintiff.

*Edward S. Pomerantz*, of Hartford, for the Defendant.

INGLIS, J. This is an appeal from the finding and award of the workmen's compensation commissioner for the second district, denying compensation to the plaintiff for disability caused by an enlarged heart and coronary thrombosis. It is not claimed that this is an occupational disease. The plaintiff's contention is that he suffered both the enlarged heart and the thrombosis by reason of his having been called upon to operate a jackhammer for an hour or two a day over a period of about four months in the defendant's foundry.

The basis of the commissioner's award was his conclusion, first, that the plaintiff's injury had not arisen out of his employment, and, second, that the plaintiff had no accidental injury which could be definitely located as to the time when or the place where the accident happened.

The first conclusion was arrived at largely upon the conflicting evidence of medical experts. The plaintiff's experts were two in number. One testified that he had given the plaaintiff a general chest examination just before he had started his employment with the defendant and discovered nothing wrong with his heart. The other, a general practitioner who had treated the plaintiff, gave it as his opinion that the use of the hammer, pressed as the hammer was while in use against the plaintiff's chest, had caused the enlargement of the heart, and seemed in his testimony to imply (although he did not say so) that the enlargement led to the thrombosis. The witness for the defendant, who is a heart expert, made a distinction between the enlargement of the heart, which is the enlargement of a muscle, and the thrombosis, which is the disease of an artery. His opinion, based upon the condition of the heart as it appeared in x-rays taken shortly after the plaintiff quit work, was that the heart enlargement was a condition which had come about gradually over a long period of time, which had started long before the employment of the plaintiff by the defendant and which could not have been caused by the relatively light percussion of the butt of the hammer against the plaintiff's chest. He further testified that there was nothing in connection with the plaintiff's employment which could have brought about the thrombosis.

In a case where there is a conflict in the opinion of medical experts, it is well established that the commissioner should accept the evidence which seems to him to be the more credible, and, if there is any such testimony which supports his finding, that finding must stand. *Burdick* v. *United States Finishing Co.*, 130 Conn. 455,458. The evidence of the expert called by the defendant in the present case amply supports the finding of the commissioner that there was no causal relationship between the plaintiff's injury and his employment. It follows that the commissioner's conclusion that the injury did not arise out of the employment was correct.

Even on the theory advanced by the plaintiff's expert, the enlargement of the plaintiff's heart was not caused by any one blow of the hammer or by the use of the hammer on any one occasion. Even he agreed that the enlargement was a gradual growth. Still less does he claim that the thrombosis was caused by any one accident. Section 5223 of the General Statutes provides: "The words 'personal injury' or 'injury,' as the same are used in this chapter, shall be construed to include only accidental injury which may be definitely located as to the time when and the place where the accident occurred." See *Jones* v. *Hamden*, 129 Conn. 532, 534.

The present case is not one in which some sudden strain or blow in the employment set off a weakened condition and thereby caused an injury which could be located as to time and place of occurrence. Even on the theory of the plaintiff's expert the plaintiff's disability was the result of a long series of blows or a long period of overwork which created a disabling condition. This clearly does not meet the definition of personal injury for which, under the act, compensation may be awarded. The commissioner was right in arriving at that conclusion.

Judgment may enter denying the appeal and confirming the commissioner's award.